## JEWETT *v.* GOODALL.

In trespass for assault and battery the defendant cannot, under the general issue, show that the plaintiff was the first aggressor, and that the battery complained of was in defence of the defendant's possession.

TRESPASS, for an assault and battery. Plea, the general issue.

The plaintiff offered evidence tending to show that the battery complained of was committed as alleged in his writ.

The defendant then introduced evidence tending to show that the plaintiff undertook to wrest from him, his, the defendant's axe; that the defendant and plaintiff both having hold of said axe at the same time, he, the defendant, kicked the plaintiff to make him release his grasp upon it; that not succeeding, he set his dog upon the plaintiff; that the dog bit him, and he then gave up the axe.

The plaintiff's counsel requested the court to instruct the jury, that under the issue joined in said action, it was no defence that the plaintiff committed the first assault, and that although they believed from the evidence that the plaintiff did commit the first assault, yet if they found that the defendant did assault the plaintiff, their verdict should be returned for the plaintiff.

The court did not so charge the jury, but instructed them that if they found the plaintiff's evidence uncontradicted, they should find a verdict for him; but if they found that the plaintiff committed the first assault, and was endeavoring to wrest from the defendant's possession, his, the defendant's axe, the defendant had the right to use all necessary and proper force to retain his property; that he would not for that purpose be justified in doing anything unnecessary or outrageous, and if the jury believed he did, notwithstanding the plaintiff committed the first assault, they would find the defendant guilty, and bring in a verdict against him.

The jury returned a verdict for the defendant, and the plaintiff moved to set the same aside, and for a new trial, for supposed error in the decision of the court and the instructions given to the jury.

*Preston*, for the plaintiff.

*S. P. Steele*, *Cutter* and *Pierce*, for the defendant.

WOODS, J.   The effect of the charge to the jury was that if the defendant did commit an assault and battery upon the person of the plaintiff, he might, nevertheless, prove, in his defence under the general issue, that the plaintiff did in fact make the first assault, and was endeavoring to wrest from him the axe; and that the assault and beating complained of in the writ were no greater or other than were necessary on the part of the defendant to resist and to defeat the unlawful attempts of the plaintiff.

But the doctrine of the books is that the general issue simply denies the fact of the trespass alleged, and that any justification must be set up by way of a special plea.   1 Saund. Pl. & Ev. 95; 1 Selwyn N. P. 25.

The defence was therefore inappropriate under the plea. The instructions to the jury were erroneous, and the verdict must be set aside, and a

*New trial granted.*